

**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON. D.C. 20350-1000

SECNAVINST 5420.193
BCNR
19 November 1997

SECNAV INSTRUCTION 5420.193

From:   Secretary of the Navy
To:     All Ships and Stations

Subj:   BOARD FOR CORRECTION OF NAVAL RECORDS

Ref:    (a) 10 U.S.C. § 1552
        (b) U.S. Navy Regulations, 1990, Article 0324
        (c) 10 U.S.C. § 5016
        (d) SECNAVINST 5211.5D, DON Privacy Act Program
        (e) 10 U.S.C. § 1034
        (f) DOD Directive 7050.6, Military Whistleblower
            Protection of 12 Aug 95 (NOTAL)
        (g) SECNAVINST 5370.7A, Military Whistleblower Protection
            of 27 Sep 94

Encl:   (1) Procedures of the Board for Correction of Naval
            Records
        (2) DD 149, Application for Correction of Military
            Record Under the Provisions of title 10, U.S.C.
            Section 1552
        (3) Applicant's Guide

1.  <u>Purpose</u>.  To establish procedures for making application and
the consideration of applications for correction of military
records of current and former members of the Navy and Marine
Corps by the Secretary of the Navy acting through the Board for
Correction of Naval Records (BCNR) under reference (a).

2.  <u>Cancellation</u>.  NAVSO P-473 of 28 November 1977.  All other
regulations and memoranda providing guidance on policies or
procedures of BCNR, and delegations of authority inconsistent
with this instruction, are cancelled.

3.  <u>Action</u>

    a.  BCNR shall consider and either take corrective action on
the Secretary's behalf, when authorized, or make appropriate
recommendations to the Secretary regarding applications for the
correction of military records following the procedures in
enclosure (1).

    b.  The Assistant Secretary of the Navy (Manpower and Reserve
Affairs), under references (b) and (c), has been assigned the
responsibility for the overall supervision of BCNR and is



SECNAVINST 5420.193

1 9 NOV 1997

delegated authority to take final action on BCNR cases forwarded
for review.

c. The Executive Director, BCNR shall administer and oversee
the operation of BCNR. The Executive Director shall be subject
to the supervision and administrative control of the Assistant
Secretary of the Navy (Manpower and Reserve Affairs).

d. Department of the Navy facilities of all commands,
bureaus, offices, and boards shall be made available to BCNR to
assist it, upon request, in the performance of its duties
consistent with applicable statutes and regulations. Requests
for records and/or advisory opinions should under normal
circumstances be acted upon within 60 days of receipt of BCNR's
request.

4. <u>Execution of BCNR Decisions</u>. The Chief of Naval Operations
and the Commandant of the Marine Corps shall ensure that action
is taken to make the military record corrections directed by the
Secretary or BCNR. The applicant and Executive Director will be
advised of the action taken.

5. <u>Administrative Correction of Personnel Records</u>. To enhance
efficiency and minimize requirements for BCNR actions where
possible, the Chief of Naval Operations and the Commandant of the
Marine Corps will ensure that obvious clerical or administrative
errors are corrected locally under the authority of reference (d)
to the extent permitted by law and regulation.

6. <u>Changes in Procedures</u>. BCNR may recommend changes to
enclosure (1). Changes must be approved by the Secretary of the
Navy and the Secretary of Defense. Enclosure (1) and all
approved changes thereto will be published in the Federal
Register.

7. <u>Application</u>. Applications to BCNR for correction of naval
records must be submitted on DD 149, Application for Correction
of Military Record, or exact facsimile. Enclosure (2) is a copy
of DD 149. Enclosure (3) provides information to prospective
applicants regarding the procedures governing the submission and
processing of applications. In processing applications alleging
violations of reference (e) there will be strict compliance with
the provisions of references (f) and (g).

2

SECNAVINST 5420.193
9 NOV 1997

8. <u>Report and Form</u>

   a.  The reporting requirements contained in enclosure (1) are exempt from reports control by SECNAVINST 5214.2B

   b.  Due to low usage DD 149 (Sep 97), Application for Correction of Military Records Under the Provisions of title 10, U.S.C., Section 1552, provided as enclosure (2), may be locally reproduced.

BERNARD ROSTKER
Assistant Secretary of the Navy
(Manpower and Reserve Affairs)


Distribution:
SNDL Parts 1 and 2
MARCORPS Codes PCN 7100000000 and 71000000100

BUPERS (Pers-3)
(100 copies)

SECNAV/OPNAV DIRECTIVES CONTROL OFFICE
WASHINGTON NAVY YARD BUILDING 200
901 M STREET SE
WASHINGTON DC  20374-5074    (30 copies)

Order from:
Naval Inventory Control Point
Cog "I" Material
700 Robbins Avenue
Philadelphia PA  19111-5098

Stocked:  (200 copies)

3

SECNAVINST 5420.193
1 9 NOV 1997

PROCEDURES

OF

THE BOARD FOR

CORRECTION OF NAVAL RECORDS

ESTABLISHED TO REVIEW

NAVAL RECORDS UNDER

10 U.S.C. 1552

(Codified as 32 CFR 723)

Revised 24 February 1997

Enclosure (1)

SECNAVINST 5420.193
19 NOV 1997

<u>PROCEDURES</u>

Section 1.  GENERAL PROVISIONS

2.  ESTABLISHMENT, FUNCTION AND JURISDICTION OF THE
    BOARD
    a.  Establishment and Composition
    b.  Function
    c.  Jurisdiction

3.  APPLICATION FOR CORRECTION
    a.  General Requirements
    b.  Time Limit for Filing Applications
    c.  Acceptance of Applications
    d.  Other Proceedings Not Stayed
    e.  Consideration of Application

4.  APPEARANCE BEFORE THE BOARD: NOTICE; COUNSEL;
    WITNESSES; ACCESS TO RECORDS
    a.  General
    b.  Notice
    c.  Counsel
    d.  Witnesses
    e.  Access to Records

5.  HEARING
    a.  Convening of Board
    b.  Conduct of Hearing
    c.  Continuance

6.  ACTION BY THE BOARD
    a.  Deliberations, Findings, Conclusions and
        Recommendations
    b.  Minority Report
    c.  Record of Proceedings
    d.  Withdrawal
    e.  Delegation of Authority to Correct Certain Naval
        Records

7.  ACTION BY THE SECRETARY
    a.  General
    b.  Military Whistleblower Protection Act

Enclosure (1)

SECNAVINST 5420.193
1 9 NOV 1997

8.   STAFF ACTION
     a.   Transmittal of Final Decisions Granting Relief
     b.   Transmittal of Final Decisions Denying Relief

9.   RECONSIDERATION

10.  SETTLEMENT OF CLAIMS
     a.   Authority
     b.   Application for Settlement
     c.   Settlement
     d.   Report of Settlement

11.  MISCELLANEOUS
     a.   Expenses
     b.   Indexing of Decisions

Enclosure (1)

ii

SECNAVINST 5420.193
1 9 NOV 1997

Section 1.  GENERAL PROVISIONS

These regulations establish procedures for correction of naval and marine records by the Secretary of the Navy acting through the Board for Correction of Naval Records (BCNR or the Board) to remedy error or injustice.  It describes how to apply for correction of naval and marine records and how the BCNR considers applications.  It defines the Board's authority to act on applications.  It directs collecting and maintaining information subject to the Privacy Act of 1974 authorized by 10 U.S.C. 1034 and 1552.

Section 2.  ESTABLISHMENT, FUNCTION AND JURISDICTION OF THE BOARD

   a.  ESTABLISHMENT AND COMPOSITION

Under the foregoing statutory authority, the Board for Correction of Naval Records is established by the Secretary of the Navy. The Board consists of civilians of the executive part of the Department of the Navy in such number, not less than three, as may be appointed by the Secretary and who shall serve at the pleasure of the Secretary.  Three members present shall constitute a quorum of the Board.  The Secretary of the Navy will designate one member as Chair.  In the absence or incapacity of the Chair, an Acting Chair chosen by the Executive Director shall act as Chair for all purposes.

   b.  FUNCTION

The Board is not an investigative body. Its function is to consider applications properly before it for the purpose of determining the existence of error or injustice in the naval records of current and former members of the Navy and Marine Corps, to make recommendations to the Secretary or to take corrective action on the Secretary's behalf when authorized.

   c.  JURISDICTION

The Board shall have jurisdiction to review and determine all matters properly brought before it, consistent with existing law.

Enclosure (1)

SECNAVINST 5420.193
19 NOV 1997


Section 3.   APPLICATION FOR CORRECTION

   a.   <u>GENERAL REQUIREMENTS</u>

      (1) The application for correction must be submitted on
DD 149 (Application for Correction of Military Record) or exact
facsimile thereof, and should be addressed to:  Board for
Correction of Naval Records, Department of the Navy, 2 Navy
Annex, Washington, DC 203705100.  Forms and other explanatory
matter may be obtained from the Board upon request.

      (2) Except as provided in paragraph (3) of this section,
the application shall be signed by the person requesting
corrective action with respect to his/her record and will either
be sworn to or will contain a provision to the effect that the
statements submitted in the application are made with full
knowledge of the penalty provided by law for making a false
statement or claim.  (18 U.S.C. § 287 and § 1001).

      (3) When the record in question is that of a person who
is incapable of making application, or whose whereabouts is
unknown, or when such person is deceased, the application may be
made by a spouse, parent, heir, or legal representative.  Proof
of proper interest shall be submitted with the application.

   b.   <u>TIME LIMIT FOR FILING APPLICATION</u>.  Applications for
correction of a record must be filed within 3 years after
discovery of the alleged error or injustice.  Failure to file
within the time prescribed may be excused by the Board if it
finds it would be in the interest of justice to do so.  If the
application is filed more than 3 years after discovery of the
error or injustice, the application must set forth the reason why
the Board should find it in the interest of justice to excuse the
failure to file the application within the time prescribed.

   c.   <u>ACCEPTANCE OF APPLICATIONS</u>.  An application will be
accepted for consideration unless:

      (1) The Board lacks jurisdiction.

      (2) The Board lacks authority to grant effective relief.


Enclosure (1)

2

SECNAVINST 5420.193
19 NOV 1997

(3) The applicant has failed to comply with the filing requirements of paragraphs a(1), a(2) or a(3) of this section.

(4) The applicant has failed to exhaust all available administrative remedies.

(5) The applicant has failed to file an application within 3 years after discovery of the alleged error or injustice and has not provided a reason or reasons why the Board should find it in the interest of justice to excuse the failure to file the application within the prescribed 3-year period.

d.  OTHER PROCEEDINGS NOT STAYED.  Filing an application with the Board shall not operate as a stay of any other proceedings being taken with respect to the person involved.

e.  CONSIDERATION OF APPLICATION

(1) Each application accepted for consideration and all pertinent evidence of record will be reviewed by a three member panel sitting in executive session, to determine whether to authorize a hearing, recommend that the records be corrected without a hearing, or to deny the application without a hearing. This determination will be made by majority vote.

(2) The Board may deny an application in executive session if it determines that the evidence of record fails to demonstrate the existence of probable material error or injustice.  The Board relies on a presumption of regularity to support the official actions of public officers and, in the absence of substantial evidence to the contrary, will presume that they have properly discharged their official duties. Applicants have the burden of overcoming this presumption but the Board will not deny an application solely because the record was made by or at the direction of the President or the Secretary in connection with proceedings other than proceedings of a board for the correction of military or naval records.  Denial of an application on the grounds of insufficient evidence to demonstrate the existence of probable material error or injustice is final subject to the provisions for reconsideration contained in Section 9 of these procedures.

Enclosure (1)

3

SECNAVINST 5420.193
19 NOV 1997

(3) When an original application or a request for further consideration of a previously denied application is denied without a hearing, the Board's determination shall be made in writing and include a brief statement of the grounds for denial.

(4) The brief statement of the grounds for denial shall include the reasons for the determination that relief should not be granted, including the applicant's claims of constitutional, statutory and/or regulatory violations that were rejected, together with all the essential facts upon which the denial is based, including, if applicable, factors required by regulation to be considered for determination of the character of and reason for discharge.  Further the Board shall make a determination as to the applicability of the provisions of the Military Whistleblower Protection Act (10 U.S.C. § 1034) if it is invoked by the applicant or reasonably raised by the evidence. Attached to the statement shall be any advisory opinion considered by the Board which is not fully set out in the statement.  The applicant will also be advised of reconsideration procedures.

(5) The statement of the grounds for denial, together with all attachments, shall be furnished promptly to the applicant and counsel, who shall also be informed that the name and final vote of each Board member will be furnished or made available upon request.  Classified or privileged material will not be incorporated or attached to the Board statement; rather, unclassified or nonprivileged summaries of such material will be so used and written explanations for the substitution will be provided to the applicant and counsel.

Section 4.    APPEARANCE BEFORE THE BOARD; NOTICE; COUNSEL; WITNESSES; ACCESS TO RECORDS.

a.    GENERAL.  In each case in which the Board determines a hearing is warranted, the applicant will be entitled to appear before the Board either in person or by counsel of his/her selection or in person with counsel.  Additional provisions apply to cases processed under the Military Whistleblower Protection Act (10 U.S.C. § 1034.)

b.    NOTICE

(1) In each case in which a hearing is authorized, the Board's staff will transmit to the applicant a written notice

Enclosure (1)

4

SECNAVINST 5420.193
I 9 NOV 1997

stating the time and place of hearing.  The notice will be mailed to the applicant, at least 30 days prior to the date of hearing, except that an earlier date may be set where the applicant waives his/her right to such notice in writing.

(2) Upon receipt of the notice of hearing, the applicant will notify the Board in writing at least 15 days prior to the date set for hearing as to whether he/she will be present at the hearing and will indicate to the Board the name of counsel, if represented by counsel, and the names of such witnesses as he/she intends to call.  Cases in which the applicant notifies the Board that he/she does not desire to be present at the hearing will be considered in accordance with Section 5b(2).

c.  COUNSEL.  As used in these regulations, the term "counsel" will be construed to include members in good standing of the federal bar or the bar of any state, accredited representatives of veterans' organizations recognized by the Secretary of Veterans Affairs under 38 U.S.C. § 3402, or such other persons who, in the opinion of the Board, are considered to be competent to present equitably and comprehensively the request of the applicant for correction, unless barred by law. Representation by counsel will be at no cost to the government.

d.  WITNESSES.  The applicant will be permitted to present witnesses in his/her behalf at hearings before the Board.  It will be the responsibility of the applicant to notify his/her witnesses and to arrange for their appearance at the time and place set for hearing.  Appearance of witnesses will be at no cost to the government.

e.  ACCESS TO RECORDS

(1) It is the applicant's responsibility to procure such evidence not contained in the official records of the Department of the Navy as he/she desires to present in support of his/her case.

(2) Classified or privileged information may be released to applicants only by proper authorities in accordance with applicable regulations.

Enclosure (1)

5

SECNAVINST 5420.193

19 NOV 1997

(3) Nothing in these regulations authorizes the furnishing of copies of official records by the Board.  Requests for copies of official records should be submitted in accordance with regulations governing the release of information.  The Board can provide a requester with information regarding procedures for requesting copies of these records from the appropriate retention agency.

Section 5.  HEARING

a.  CONVENING OF BOARD.  The Board will convene, recess and adjourn at the call of the Chair or Acting Chair.

b.  CONDUCT OF HEARING

(1) The hearing shall be conducted by the Chair or Acting Chair, and shall be subject to his/her rulings so as to ensure a full and fair hearing.  The Board shall not be limited by legal rules of evidence but shall maintain reasonable bounds of competency, relevancy, and materiality.

(2) If the applicant, after being duly notified, indicates to the Board that he/she does not desire to be present or to be represented by counsel at the hearing, the Board will consider the case on the basis of all the material before it, including, but not limited to, the application for correction filed by the applicant, any documentary evidence filed in support of such application, any brief submitted by or in behalf of the applicant, and all available pertinent records.

(3) If the applicant, after being duly notified, indicates to the Board that he/she will be present or be represented by counsel at the hearing, and without good cause and timely notice to the Board, the applicant or representative fails to appear at the time and place set for the hearing or fails to provide the notice required by Section 4b(2) of these procedures, the Board may consider the case in accordance with the provisions of paragraph b(2) of this section, or make such other disposition of the case as is appropriate under the circumstances.

(4) All testimony before the Board shall be given under oath or affirmation.  The proceedings of the Board and the testimony given before it will be recorded verbatim.

Enclosure (1)

6

SECNAVINST 5420.193
19 NOV 1997

c. <u>CONTINUANCE</u>. The Board may continue a hearing on its own motion. A request for continuance by or in behalf of the applicant may be granted by the Board if a continuance appears necessary to insure a full and fair hearing.

Section 6. ACTION BY THE BOARD

a. <u>DELIBERATIONS, FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS</u>

(1) Only members of the Board and its staff shall be present during the deliberations of the Board.

(2) Whenever, during the course of its review of an application, it appears to the Board's satisfaction that the facts have not been fully and fairly disclosed by the records or by the testimony and other evidence before it, the Board may require the applicant or military authorities to provide such further information as it may consider essential to a complete and impartial determination of the facts and issues.

(3) Following a hearing, or where the Board determines to recommend that the record be corrected without a hearing, the Board will make written findings, conclusions and recommendations. If denial of relief is recommended following a hearing, such written findings and conclusions will include a statement of the grounds for denial as described in Section 3e(4). The name and final vote of each Board member will be recorded. A majority vote of the members present on any matter before the Board will constitute the action of the Board and shall be so recorded.

(4) Where the Board deems it necessary to submit comments or recommendations to the Secretary as to matters arising from but not directly related to the issues of any case, such comments and recommendations shall be the subject of separate communication. Additionally, in Military Whistleblower Protection Act cases, any recommendation by the Board to the Secretary that disciplinary or administrative action be taken against any Navy official based on the Board's determination that the official took reprisal action against the applicant will not be made part of the Board's record of proceedings or furnished the applicant but will be transmitted to the Secretary as a separate communication.

Enclosure (1)

7

SECNAVINST 5420.193
19 NOV 1997

b. <u>MINORITY REPORT</u>. In case of a disagreement between members of the Board a minority report will be submitted, either as to the findings, conclusions or recommendation, including the reasons therefore.

c. <u>RECORD OF PROCEEDINGS</u>. Following a hearing, or where the Board determines to recommend that the record be corrected without a hearing, a record of proceedings will be prepared. Such record shall indicate whether or not a quorum was present, and the name and vote of each member present. The record shall include the application for relief, a verbatim transcript of any testimony, affidavits, papers and documents considered by the Board, briefs and written arguments, advisory opinions, if any, minority reports, if any, the findings, conclusions and recommendations of the Board, where appropriate, and all other papers, documents, and reports necessary to reflect a true and complete history of the proceedings.

d. <u>WITHDRAWAL</u>. The Board may permit an applicant to withdraw his/her application without prejudice at any time before its record of proceedings is forwarded to the Secretary.

e. <u>DELEGATION OF AUTHORITY TO CORRECT CERTAIN NAVAL RECORDS</u>

(1) With respect to all petitions for relief properly before it, the Board is authorized to take final corrective action on behalf of the Secretary, unless:

(a) Comments by proper naval authority are inconsistent with the Board's recommendation;

(b) The Board's recommendation is not unanimous; or

(c) It is in the category of petitions reserved for decision by the Secretary of the Navy.

(2) The following categories of petitions for relief are reserved for decision by the Secretary of the Navy:

(a) Petitions involving records previously reviewed or acted upon by the Secretary wherein the operative facts remained substantially the same;

Enclosure (1)

8

SECNAVINST 5420.193
19 NOV 1997

        (b) Petitions by former commissioned officers or
midshipmen to change the character of, and/or the reason for,
their discharge; or,

        (c) Such other petitions as, in the determination of
the Office of the Secretary or the Executive Director, warrant
Secretarial review.

    (3) The Executive Director after ensuring compliance with
the above conditions, will announce final decisions on
applications decided under this section.

Section 7. ACTION BY THE SECRETARY

a.  GENERAL.  The record of proceedings, except in cases
finalized by the Board under the authority delegated in Section
6e, and those denied by the Board without a hearing, will be
forwarded to the Secretary who will direct such action as he or
she determines to be appropriate, which may include the return of
the record to the Board for further consideration.  Those cases
returned for further consideration shall be accompanied by a
brief statement setting out the reasons for such action along
with any specific instructions.  If the Secretary's decision is
to deny relief, such decision shall be in writing and, unless he
or she expressly adopts in whole or in part the findings,
conclusions and recommendations of the Board, or a minority
report, shall include a brief statement of the grounds for
denial.  See Section 3e(4) of these procedures.

b.  MILITARY WHISTLERBLOWER PROTECTION ACT.  The Secretary will
ensure that decisions in cases involving the Military
Whistleblower Protection Act are issued within 180 days after
receipt of the case and will, unless the full relief requested is
granted, inform applicants of their right to request review of
the decision by the Secretary of Defense.  Applicants will also
be informed:

    (1) Of the name and address of the official to whom the
request for review must be submitted.

    (2) That the request for review must be submitted within
90 days after receipt of the decision by the Secretary of the
Navy.

Enclosure (1)

9

SECNAVINST 5420.193

19 NOV 1997

(3) That the request for review must be in writing and include:

(a) The applicant's name, address and telephone number;

(b) A copy of the application to the Board and the final decision of the Secretary of the Navy;

(c) A statement of the specific reasons the applicant is not satisfied with the decision of the Secretary of the Navy.

(4) That the request must be based on the Board record; request for review based on factual allegations or evidence not previously presented to the Board will not be considered under this paragraph but may be the basis for reconsideration by the Board under Section 9.

Section 8.  STAFF ACTION

a.  <u>TRANSMITTAL OF FINAL DECISIONS GRANTING RELIEF</u>

(1) If the final decision of the Secretary is to grant the applicant's request for relief the record of proceedings shall be returned to the Board for disposition.  The Board shall transmit the finalized record of proceedings to proper naval authority for appropriate action.  Similarly final decisions of the Board granting the applicant's request for relief under the authority delegated in Section 6e, shall also be forwarded to the proper naval authority for appropriate action.

(2) The Board shall transmit a copy of the record of proceedings to the proper naval authority for filing in the applicant's service record except where the effect of such action would be to nullify the relief granted.  In such cases no reference to the Board's decision shall be made in the service record or files of the applicant and all copies of the record of proceedings and any related papers shall be forwarded to the Board and retained in a file maintained for this purpose.

(3) The addressees of such decisions shall report compliance therewith to the Executive Director.

Enclosure (1)

10

SECNAVINST 5420.193
19 NOV 1997

(4) Upon receipt of the record of proceedings after final action by the Secretary, or by the Board acting under the authority contained in Section 6e, the Board shall communicate the decision to the applicant. The applicant is entitled, upon request, to receive a copy of the Board's findings, conclusions and recommendations.

b. TRANSMITTAL OF FINAL DECISIONS DENYING RELIEF. If the final decision of the Secretary or the Board is to deny relief, the following materials will be made available to the applicant:

(1) A statement of the findings, conclusions, and recommendations made by the Board and the reasons therefor;

(2) Any advisory opinions considered by the Board;

(3) Any minority reports; and

(4) Any material prepared by the Secretary as required in Section 7. Moreover, applicant shall also be informed that the name and final vote of each Board member will be furnished or made available upon request and that he/she may submit new and material evidence or other matter for further consideration.

Section 9. RECONSIDERATION. After final adjudication, further consideration will be granted only upon presentation by the applicant of new and material evidence or other matter not previously considered by the Board. New evidence is defined as evidence not previously considered by the Board and not reasonably available to the applicant at the time of the previous application. Evidence is material if it is likely to have a substantial effect on the outcome. All requests for further consideration will be initially screened by the Executive Director of the Board to determine whether new and material evidence or other matter (including, but not limited to, any factual allegations or arguments why the relief should be granted) has been submitted by the applicant. If such evidence or other matter has been submitted, the request shall be forwarded to the Board for a decision. If no such evidence or other matter has been submitted, the applicant will be informed that his/her request was not considered by the Board because it did not contain new and material evidence or other matter.

Enclosure (1)

11

SECNAVINST 5420.193
1 9 NOV 1997

Section 10.   SETTLEMENT OF CLAIMS

   a.   <u>AUTHORITY</u>

      (1) The Department of the Navy is authorized under 10
U.S.C. § 1552 to pay claims for amounts due to applicants as a
result of corrections to their naval records.

      (2) The Department of the Navy is not authorized to pay
any claim heretofore compensated by Congress through enactment of
a private law, or to pay any amount as compensation for any
benefit to which the claimant might subsequently become entitled
under the laws and regulations administered by the Secretary of
Veterans Affairs.

   b.   <u>APPLICATION FOR SETTLEMENT</u>

      (1) Settlement and payment of claims shall be made only
upon a claim of the person whose record has been corrected or
legal representative, heirs at law, or beneficiaries.  Such claim
for settlement and payment may be filed as a separate part of the
application for correction of the record.

      (2) When the person whose record has been corrected is
deceased, and where no demand is presented by a duly appointed
legal representative of the estate, payments otherwise due shall
be made to the surviving spouse, heir or beneficiaries, in the
order prescribed by the law applicable to that kind of payment,
or if there is no such law covering order of payment, in the
order set forth in 10 U.S.C. § 2771; or as otherwise prescribed
by the law applicable to that kind of payment.

      (3) Upon request, the applicant or applicants shall be
required to furnish requisite information to determine their
status as proper parties to the claim for purposes of payment
under applicable provisions of law.

   c.   <u>SETTLEMENT</u>

      (1) Settlement of claims shall be upon the basis of the
decision and recommendation of the Board, as approved by the
Secretary or his designee.  Computation of the amounts due shall
be made by the appropriate disbursing activity.  In no case will
the amount found due exceed the amount which would otherwise have
been paid or have become due under applicable laws had no error

Enclosure (1)

12

SECNAVINST 5420.193
19 NOV 1997

or injustice occurred. Earnings received from civilian employment, self employment or any income protection plan for such employment during any period for which active duty pay and allowances are payable will be deducted from the settlement. To the extent authorized by law and regulation, amounts found due may be reduced by the amount of any existing indebtedness to the Government arising from military service.

(2) Prior to or at the time of payment, the person or persons to whom payments are to be made shall be advised by the disbursing activity of the nature and amount of the various benefits represented by the total settlement and shall be advised further that acceptance of such settlement shall constitute a complete release by the claimants involved of any claim against the United States on account of the correction of the record.

d. <u>REPORT OF SETTLEMENT</u>. In every case where payment is made, the amount of such payment and the names of the payee or payees shall be reported to the Executive Director.

Section 11. MISCELLANEOUS PROVISIONS

a. <u>EXPENSES</u>. No expenses of any nature whatsoever voluntarily incurred by the applicant, counsel, witnesses, or by any other person in the applicant's behalf, will be paid by the Government.

b. <u>INDEXING OF DECISIONS</u>

(1) Documents sent to each applicant and counsel in accordance with Sections 3e(5) and 8a(4), above together with the record of the votes of Board members and all other statements of findings, conclusions and recommendations made on final determination of an application by the Board or the Secretary will be indexed and promptly made available for public inspection and copying at the Armed Forces Discharge Review/Correction Boards Reading Room located on the Concourse of the Pentagon Building in Room 2E123, Washington, DC.

(2) All documents made available for public inspection and copying shall be indexed in a usable and concise form so as to enable the public to identify those cases similar in issue together with the circumstances under and/or reasons for which

Enclosure (1)

13

SECNAVINST 5420.193

the Board and/or Secretary have granted or denied relief.  The index shall be published quarterly and shall be available for public inspection and distribution by sale at the Reading Room located on the Concourse of the Pentagon Building in Room 2E123, Washington, DC.  Inquiries concerning the index or the Reading Room may be addressed to the Chief, Micromation Branch/Armed Forces Discharge Review/Correction Boards Reading Room, Crystal Mall 4, 1941 Jefferson Davis Highway, Arlington, Virginia 22202.

(3) To the extent necessary to prevent a clearly unwarranted invasion of personal privacy, identifying details of the applicant and other persons will be deleted from the documents made available for public inspection and copying. Names, addresses, social security numbers and military service numbers must be deleted.  Deletions of other information which is privileged or classified may be made only if a written statement of the basis for such deletion is made available for public inspection.

Date  8/16/96          Approved by  _____
                                    Bernard Rostker
                                    Assistant Secretary of the Navy
                                    (Manpower and Reserve Affairs)


Date  10 Jun 97        Approved by  _____
                                    F. Pang
                                    Assistant Secretary of Defense
                                    (Force Management Policy)


Enclosure (1)

14

SECNAVINST 5420-193  19 NOV 1997

| APPLICATION FOR CORRECTION OF MILITARY RECORD<br>UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552<br>*(Please read instructions on reverse side BEFORE completing application.)* | Form Approved<br>OMB No. 0704-0003<br>Expires Aug 31, 2000 |
|---|---|

The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and Reports (0704-0003), 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.
**PLEASE DO NOT RETURN YOUR COMPLETED FORM TO THE ABOVE ADDRESS. RETURN COMPLETED FORM TO THE APPROPRIATE ADDRESS ON THE BACK OF THIS PAGE.**

PRIVACY ACT STATEMENT

AUTHORITY: Title 10 US Code 1552, EO 9397.

PRINCIPAL PURPOSE: To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record.

ROUTINE USE(S): None.

DISCLOSURE: Voluntary; however, failure to provide identifying information may impede processing of this application. The request for Social Security number is strictly to assure proper identification of the individual and appropriate records.

**1. APPLICANT DATA**

| a. BRANCH OF SERVICE *(X one)* | ARMY | NAVY | | AIR FORCE | | MARINE CORPS | | COAST GUARD |
|---|---|---|---|---|---|---|---|---|

| b. NAME *(Last, First, Middle Initial) (Please print)* | | c. PRESENT PAY GRADE | d. SERVICE NUMBER *(If applicable)* | e. SSN |
|---|---|---|---|---|

| 2. TYPE OF DISCHARGE *(If by court-martial, state type of court)* | 3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES *(Active duty, Retired, Reserve, etc.)* | 4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY |
|---|---|---|

| 5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD | 6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. *(No expense to the Government) (X one)*<br> YES  NO |
|---|---|

| 7. COUNSEL *(If any)*<br>a. NAME *(Last, First, Middle Initial)* | b. ADDRESS *(Street, Apartment Number, City, State and ZIP Code)* |
|---|---|

**8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:**

**9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:**

**10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING:** *(If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)*

**11. ALLEGED ERROR OR INJUSTICE**

| a. DATE OF DISCOVERY | b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION. |
|---|---|

**12. APPLICANT MUST SIGN IN ITEM 16.** IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.

| | SPOUSE | WIDOW | WIDOWER | NEXT OF KIN | LEGAL REPRESENTATIVE | OTHER *(Specify)* |
|---|---|---|---|---|---|---|

**13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM.** *(U.S. Code, Title 18, Sec. 287, 1001, provides that an individual shall be fined under this title or imprisoned not more than 5 years, or both.)*

| 14.a. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE *(Applicant should forward notification of all changes of address.)* | | DOCUMENT NUMBER *(Do not write in this space.)* |
|---|---|---|
| | b. TELEPHONE NUMBER *(Include Area Code)* | |

| 15. DATE SIGNED | 16. SIGNATURE *(Applicant must sign here.)* |
|---|---|

**DD FORM 149, SEP 1997**      PREVIOUS EDITION IS OBSOLETE.                    Enclosure (2)

DODFINST 5420.193  17 NOV 1997

## INSTRUCTIONS
*(All data should be typed or printed)*

1. For detailed information see: *Air Force Instruction 36-2603*; Army Regulation 15-185; Coast Guard, Code of Federal Regulations; Title 33, Part 52; or Navy, Code of Federal Regulations; Title 32, Part 723.

2. Submit only original of this form.

3. Complete all items. If the question is not applicable, mark "None."

4. If space is insufficient, use "Remarks" or attach additional sheet.

5. Various veterans' and service organizations furnish counsel without charge. These organizations prefer that arrangements for representation be made through local posts or chapters.

6. List all attachments and enclosures.

7. ITEMS 6 AND 7. Personal appearance of you and your witnesses or representation by counsel is not required to ensure full and impartial consideration of applications. Appearances and representations are permitted, at no expense to the Government, when a hearing is authorized.

8. ITEM 8. State the specific correction of record desired.

9. ITEM 9. In order to justify correction of a military record, it is necessary for you to show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the alleged entry or omission in the record was in error or unjust. Evidence may include affidavits or signed testimony of witnesses, executed under oath, and a brief of arguments supporting application. All evidence not already included in your record must be submitted by you. The responsibility for securing new evidence rests with you.

10. ITEM 11. 10 U.S.C. 1552b provides that no correction may be made unless request is made within three years after the discovery of the error or injustice, but that the Board may excuse failure to file within three years after discovery if it finds it to be in the interest of justice.

### MAIL COMPLETED APPLICATIONS TO APPROPRIATE ADDRESS BELOW

| | |
|---|---|
| **ARMY** | **COAST GUARD** |
| (For Active Duty Personnel)<br>Army Board for the Correction of Military Records<br>1941 Jefferson Davis Highway, 2nd Floor<br>Arlington, VA 22202-4508<br><br>(For Other than Active Duty Personnel)<br>Army Review Boards Agency<br>Support Division, St. Louis<br>ATTN: SFMR-RBR-SL<br>9700 Page Avenue<br>St. Louis, MO 63132-5200 | Chairman<br>Board for Correction of Military Records (C-60)<br>Department of Transportation<br>400 7th St., SW<br>Washington, DC 20590 |
| **NAVY AND MARINE CORPS** | **AIR FORCE** |
| Board for Correction of Naval Records<br>2 Navy Annex<br>Washington, DC 20370-5100 | Board for Correction of Air Force Records<br>SAF/MIB<br>550-C Street West, Suite 40<br>Randolph AFB, TX 78150-4742 |

17. REMARKS *(Applicant has exhausted all administrative channels in seeking this correction and has been counseled by a representative of his/her servicing military personnel office. (Applicable only to active duty and reserve personnel.))*

DD FORM 149 (BACK), SEP 1997

Enclosure (2)

2

SECNAVINST 5420.193
19 NOV 1997

AN APPLICANT'S GUIDE TO THE
BOARD FOR CORRECTION OF NAVAL RECORDS (BCNR)

This guide explains how to apply to BCNR for a correction of your naval record and describes the basic procedures that will be used to process your application.

1. **BCNR'S STATUTORY AUTHORITY.**  Title 10 of the United States Code, Section 1552 authorizes the Secretary of the Navy to correct a servicemember's naval record when "necessary to correct an error or remove an injustice."  In exercising this authority the Secretary is required to act through a board composed of Navy civilians who initially review and evaluate an applicant's claim of error or injustice.  The Navy's rules and regulations which implement the basic provisions of the statute are set forth in SECNAV Instruction 5420.193.

2. **WHO MAY APPLY TO BCNR.**  Any current or former member of the Navy or Marine Corps may apply for a correction of his/her naval record.  A servicemember's spouse, parent, heir or legal representative may also apply if the servicemember is deceased, incapacitated or his/her whereabouts is unknown.

3. **WHEN TO APPLY**

   a. Since BCNR is the highest echelon of review within the Department of the Navy for virtually all adverse military personnel actions, an applicant must exhaust all available administrative remedies before applying to BCNR.  The most common examples of these other administrative appeals are as follows:

       (1) Requests for an upgrade of a discharge which is less than 15 years old and not awarded by a general court-martial must be submitted first to the Navy Discharge Review Board (NDRB) on DD 293.

       (2) Requests by Marine Corps personnel for removal or change of a fitness report must be submitted first to the Performance Evaluation Review Board (PERB) at Headquarters Marine Corps in accordance with MCO 1610.11A (NOTAL).

       (3) Requests for a change of a Navy reenlistment code must be submitted first to the Bureau of Naval Personnel (Pers-254).  Requests involving Marine Corps reenlistment codes should be sent to Headquarters Marine Corps (Code MMER).

Enclosure (3)

SECNAVINST 5420.193
19 NOV 1997

b. BCNR has a statute of limitations requiring that applications be submitted within 3 years after discovery of the error or injustice. This time limit may be excused if BCNR finds that it would serve the interest of justice to do so. Consequently if you are late you must explain why you waited for more than 3 years after discovering the error or injustice to file your application, and request a waiver of the 3-year limit using block 11b of the application form.

4. HOW TO APPLY

a. To apply to BCNR you must submit a signed DD 149 which bears the official title, APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552. You may obtain a DD 149 from most personnel or legal offices. You may also obtain a DD 149 by writing to BCNR. Your request should be addressed to: Board for Correction of Naval Records, 2 Navy Annex, Washington, D.C. 20370-5100. You may also telephone BCNR at area code (703) 614-1402 or DSN 8-224-1402 between the hours of 7:30 A.M. and 4:00 P.M. Eastern Time, Monday through Friday.

b. The instructions for completing the application appear on the reverse side of the form and are self explanatory. However a word of caution is in order. Although you may ask for the opportunity to personally appear before BCNR in order to explain your case by checking YES in block 6, you should also understand that BCNR is under no legal obligation to grant such a request and in most cases does not do so. Consequently it is important for you to give special attention to the written information requested in blocks 9 and 17 of the application. In block 9 you should clearly identify the error or injustice in your naval record and the action that you want BCNR to take to remedy the situation. In block 17 you should set forth the events that led to the error or injustice and explain why you believe the treatment you received was erroneous or unfair. If the space provided in blocks 9 and 17 is not large enough you may use a separate piece of paper and attach it to the application.

5. EVIDENCE OF ERROR OR INJUSTICE

a. An application for correction of a naval record will not be granted unless the record itself contains or the applicant provides substantial evidence which persuades BCNR that he/she was the victim of an error or injustice. Absent such evidence

Enclosure (3)

2

SECNAVINST 5420.193
19 NOV 1997

BCNR will presume that Navy and Marine Corps authorities have properly discharged their official duties and the application will therefore be denied.

b. In order to prove that you were victim of an error or injustice you should start by providing the information called for in blocks 9 and 17 of the DD 149. See section 4b of this guide for an explanation of the information to be supplied. Additionally, attach copies of your records or other official documents that support your claim of error or injustice as well as signed statements from persons who have first hand knowledge of the events that resulted in the error or injustice.

6.   ADVICE AND ASSISTANCE AVAILABLE TO APPLICANTS

a.   Although most applicants represent themselves, some retain the services of a private attorney. Most often this occurs in cases having complex factual or legal issues. Should you decide to have an attorney represent you, it will be your responsibility to pay for all legal expenses and you will not be reimbursed by the Navy even if BCNR finds an error or injustice in your record.

b.   Veterans' service organizations at the local, state and national level are also available for consultation and will act as your representative before BCNR. Among the many national service organizations that provide assistance are the American Legion, Veterans of Foreign Wars, Disabled American Veterans, Paralyzed Veterans of America, Vietnam Veterans of America and the Order of the Purple Heart.

c.   In addition to veterans' service organizations many members of Congress have on their staffs persons who specialize in offering advice and guidance on matters affecting servicemembers and veterans, and who would be more than willing to assist you in filing an application.

d.   BCNR's professional staff is also available to answer any questions you may have regarding the filing of an application. Inquiries may be made in writing or by telephone. BCNR's mailing address and telephone are listed in section 4a of this guide.

Enclosure (3)

3

SECNAVINST 5420.193
19 NOV 1997

e. If you decide to have someone represent you, you should list that person's name, mailing address and phone number where he or she can be reached during the day in block 7 of the application form. You should also understand that it is BCNR's usual practice to deal directly with your named representative rather than with you.

7. ADVISORY OPINIONS. After receiving your application a BCNR attorney or records examiner will conduct a preliminary review of its contents to determine whether or not an advisory opinion should be obtained from other naval authorities. If an advisory opinion is furnished to BCNR recommending that your application be denied, a copy will be forwarded to you and you will have 30 days in which to respond. You may request additional time if you feel you need it. Please understand that BCNR is not obligated to follow the opinions and recommendation expressed in the advisory opinion. Rather, it will analyze the contents of the advisory opinion as it would any other evidentiary item and then make an independent determination as to whether or not your request should be granted based on the total evidence or record.

8. REACHING A DECISION. Your application will be presented to a three-member panel by a staff attorney or records examiner who will provide technical advice and explain the issues. A supervisory attorney will also be present and act as recorder. Neither you nor your named representative will be present at these proceedings which are known as "executive sessions." Following an examination of the evidence and discussion of the issues the panel will decide by majority vote whether to deny your application, recommend that it be granted in whole or in part or hold a formal hearing at which you may appear either in person, or by counsel of your selection, or in person with counsel.

a. Should the panel vote to hold a formal hearing the BCNR staff will provide you written notice of the time and place of the hearing. You will also be provided with detailed instructions as to the manner in which the hearing will be conducted.

b. If the panel votes to deny your application you will be notified in writing of the panel's decision and the reason for its action.

Enclosure (3)

4

SECNAVINST 5420.193
19 NOV 1997

c. If the panel votes to grant complete or partial relief a written report of the panel's proceedings will be forwarded to the Secretary of the Navy or his designee for final approval. If the Secretary approves the panel's report you will be notified in writing and your record will be corrected. Additionally a copy of the report will be forwarded to finance officials who will determine if you are entitled to any monetary benefits. If the Secretary disapproves the panel's recommendation he will do so in writing and set forth the basis for his disapproval. A copy of the panel's report and the Secretary's action will be sent to you.

9. <u>RECONSIDERATION</u>. You are entitled to have BCNR reconsider the decision in your case upon presentation of new and material evidence or other matter not previously considered.

Enclosure (3)

5