UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICE B. PETTIFORD, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil No. 05-2082 (ESH) |
| | ) | |
| SECRETARY OF THE NAVY, | ) | |
| | ) | |
|     *Defendant*. | ) | Judge Huvelle |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES

Defendant's Statement of Material Facts is deficient because it does not furnish citations to the Administrative Record for a number of its assertions and its citations to the Complaint are in a number of instances inapposite to the facts asserted. The following comments are numbered to correspond with the paragraphs of defendant's Statement of Material Facts.

2. Complaint ¶¶ 5-6 do not assert that plaintiff had been considered "purportedly without" the record of office hours. *See* Complaint ¶¶ 9, 11, 14.

4. Complaint ¶ 9 does not assert that plaintiff was considered but not selected for Master Sergeant (E-8) in 2000 and 2001. The proper references would have been Complaint ¶¶ 10, 12.

5. The first sentence is not supported by Complaint ¶ 16, but is supported by Complaint ¶ 13. The second sentence is not supported by the Complaint, but is supported by the Administrative Record, although defendant has not furnished a record reference.

8. At no time during the proceedings before the BCNR did the BCNR or the Marine Corps seek in any way to defend the decision making in plaintiff's case on the basis of MCO P1610.7, any changes thereto, or any variation in requirements for description of a Marine's performance of duty. A.R. *passim*. In addition, these agency regulations speak for themselves, and description of them is not a material fact within the meaning of Local Civil Rule 7(h).

9. These agency regulations speak for themselves, and description of them is not a material fact within the meaning of Local Civil Rule 7(h).

10. These agency regulations speak for themselves, and description of them is not a material fact within the meaning of Local Civil Rule 7(h).

11. These agency regulations speak for themselves, and description of them is not a material fact within the meaning of Local Civil Rule 7(h). The second clause of the second sentence of defendant's Material Fact No. 11 is not supported by Def. Ex. 1. The 1995 version of the regulation expressly required members of the ERSB to recommend for remedial promotion "those Marines considered 'best qualified' to assume the duties and responsibilities of the next higher grade." Def. Ex. 1, Encl. 1, at 3 (¶ 1b.(3)), a "best qualified" judgment being inherently comparative. In addition, the 1995 version of the regulation specifically obligated the ERSB to apply the precept applicable to the original ("scheduled") selection board, *see id.*; *see also* A.R. 190 (¶ 3401), and those precepts consistently required comparative consideration of candidates for promotion. A.R. 194 (¶ 5), 196 (¶ 7), 200 (¶ 14), 202 (¶ 4), 203 (¶ 7), 208 (¶ 14), 209 (¶ 4), 211 (¶ 7), 215 (¶ 14), 217 (¶ 4), 219 (¶ 7), 225 (¶ 225). According to a

June 13, 1997 Headquarters Marine Corps issuance, "[t]he remedial board weighs the Marine's overall performance up to the time the regular board had convened against the performance of those originally selected for promotion." A.R. 191-92.

12. Both versions of the agency regulation unmistakably require comparative appraisals in determining whether the Marine seeking remedial promotion should be promoted. *Compare* Def. Ex. 1, Encl. 1, at 3 (¶ 1b.(3)) ("best qualified"), *with* Def. Ex. 2, Encl. 1, at 4 (¶ 1b.(4)) ("primary consideration . . . will be a comparison to the records of the Marines selected by the regularly scheduled board before which the Marine has been granted remedial consideration").

13. Defendant's assertion that the precept convening the ERSB in question "reflected the difference" between the two versions of the agency regulation is argument, rather than a material fact within the meaning of Local Civil Rule 7(h). It is proceeds on an unfounded premise. As explained in ¶¶ 11-12 *supra*, and particularly in light of A.R. 191-92, the requirements of the 2000 version were not materially different from the Marine Corps' understanding under the 1995 version insofar as mandatory comparison of Marines' records is concerned.

Respectfully submitted,

*Eugene R. Fidell*
Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Charlotte E. Cluverius (493655)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, DC 20036

          (202) 466-8960

         *Attorneys for Plaintiff*

February 9, 2006