UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICE B. PETTIFORD, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Civil No. 05-2082 (ESH) |
| SECRETARY OF THE NAVY, | ) ) ) | |
| *Defendant.* | ) | Judge Huvelle |

PLAINTIFF'S OPPOSITION TO MOTION TO VOLUNTARILY REMAND

On January 30, 2006, the Secretary moved to dismiss or, in the alternative, for summary judgment. On February 9, 2006, GySgt Pettiford filed an opposition and cross-motion for summary judgment. That cross-motion sought a judgment—

    a. setting aside the decisions of the ERSB [Enlisted Remedial Selection Board] and BCNR [Board for Correction of Naval Records];

    b. remanding the case with instructions to cause GySgt Pettiford's record to be reconsidered by the ERSB and, if he is not selected, by the BCNR, in each instance without the errors noted here, no later than 120 days after the date of judgment; and

    c. granting such other and further relief as may in the circumstances be just and proper.

Instead of filing an opposition and statement of genuine issues, the Secretary has filed a motion to voluntarily remand. Passing over the fact that it is inaccurate to view as "voluntary" a motion to remand that comes in the wake of what we believe— and we strongly suspect the Secretary believed—is a clearly meritorious cross-motion for summary judgment, the Secretary's proposed order does not specify what is to

happen on remand. His motion simply recites that "[t]he BCNR will conduct a de novo review of plaintiff's application for relief, including seeking a new advisory opinion from the ERSB." In addition, "[t]he BCNR will re-examine the procedures used at plaintiff's various remedial selection boards and take appropriate action based on this review."

The Secretary's proposed remand does not achieve what GySgt Pettiford requested on the basis of the facts and legal arguments he presented. It does not set aside the decision of the ERSB. More fundamentally, it does not require reconsideration by the ERSB. It neither articulates nor admits the errors identified in GySgt Pettiford's cross-motion, and thus provides no inkling, let alone assurance, that his case will be reconsidered under the proper legal standards or taking into account the relevant facts. Nor, equally importantly, does the Secretary's proposed remand forbid the recurrence of the very same errors that brought us to this point. Rather, the proposed remand is entirely open-ended. Indeed, it lacks even a stated deadline for final agency action.

Citing no authority, the Secretary's motion merely announces that he "has withdrawn" the final agency decision denying GySgt Pettiford's application "and has requested that the BCNR to [*sic*] review its decision." The Secretary does not state when he did so, and does not include any of the paperwork presumably associated with those purported actions.

The Secretary's purported "withdrawal" of the final agency action in an effort to stave off a ruling by this Court is totally irregular, and we object. An agency cannot

2

abort pending APA review of a final agency action by the simple expedient of unilaterally withdrawing it and helping itself to another try. That is simply not how judicial review works. To permit this would be to license self-help, wreak havoc with orderly briefing, and frustrate meaningful review (including but not limited to the operation of the Equal Access to Justice Act, 28 U.S.C. § 2412). Nothing would prevent agencies from doing this any time they felt they were about to lose a motion for summary judgment. Like other litigants, an agency can settle a case. But it takes both parties to settle. *Cf.* Fed. R. Civ. P. 41(a). What it cannot do in a system of separate powers is unilaterally impose its preferred solution on its adversary and the Court.

In addition, the unstructured remand the Secretary has attempted to make a *fait accompli* is grossly unfair given the protracted course of the proceedings before the BCNR. As noted in the cross-motion, GySgt Pettiford encountered significant difficulties trying to pry information and straight answers out of the Marine Corps. The BCNR had its chance to develop a proper record. The administrative record already contains advisory opinions from the Marine Corps. It is far too late—after GySgt Pettiford has been put to the considerable trouble of preparing detailed summary judgment papers (and attempting to render order out of the inexcusably chaotic administrative record)—for the Secretary to blandly seek another turn at bat, admit no error, and pretend none of this happened.

Because the Secretary elected not to file an opposition, GySgt Pettiford's cross-motion should be deemed conceded, along with the accompanying material facts and proposed order. Alternatively, unless the Secretary is willing to accept remand on the

terms proposed in and amply supported by the cross-motion, he should be required to file an opposition forthwith. In any case, his motion for voluntary remand should be denied.

                                            Respectfully submitted,

/s/
Eugene R. Fidell (112003)
Robert A. Graham (450345)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, DC  20036
(202) 466-8960

*Attorneys for Plaintiff*

March 10, 2006