IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAURICE B. PETTIFORD** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SECRETARY OF THE NAVY** )<br>)<br>)<br>**Defendant.** )<br>_____) | Civil Action Number: 05-2082 (ESH) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VOLUNTARY REMAND TO AGENCY

Plaintiff opposes Defendant's motion to remand on the basis that it would not achieve the results he desired, in that it does not achieve a remand to the ERSB and that it would prejudice his application for fees under the Equal Access to Justice Act. Both claims lack merit and therefore defendant's motion should be granted

The Secretary's request to voluntarily remand the case to the BCNR grants plaintiff the relief to which he is entitled if he prevails in his suit. Plaintiff's suit, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, challenges the decision by the BCNR as arbitrary, capricious and contrary to law. Review of the underlying decision of whether plaintiff should be promoted is non-justiciable. <u>Kreis v. Sec'y of the Air Force</u>, 866 F.2d 1508. As the D.C. Circuit recently reiterated in military personnel decisions it is the decision of the correction Board that is reviewable and not the underlying action. In <u>Piersal v. Winter</u> 435 F.3d 319, (D.C.Cir., 2006) the Court stated:

> In <u>Kreis</u> we also acknowledged the "fundamental and highly salutary principle" that "[j]udges are not given the task of running the [military]." 866 F.2d at 1511 (quoting <u>Orloff v. Willoughby</u>, 345 U.S. 83, 93 (1953)); see also <u>Gilligan v. Morgan</u>, 413 U.S. 1, 10 (1973). In light of that principle, we held nonjusticiable a serviceman's claim for retroactive promotion. We held justiciable, however, the serviceman's "more modest request" to review "the reasonableness" of the decision of a military board of correction pursuant to the standards of the APA. <u>Kreis</u>, 866 F.2d at 1511. Review of that decision would not interfere unduly with military matters because "[a]djudication of [such] claims requires the district court to determine only whether the Secretary's decision making process was deficient, not whether his decision was correct." <u>Id</u>. In other words, such review would not require the district court to substitute its judgment for that of the Secretary .... The court would only require the Secretary, on remand, to explain more fully the reasoning behind his decision and, with respect to his denial of a retroactive promotion, to apply the appropriate legal standard. <u>Id</u>. at 1512.

<u>Id</u> at 322.

Even if bypassing the BCNR and remanding directly to the Enlisted Remedial Selection Board would ever be appropriate, the BCNR can adequately address each of Plaintiff's contentions. Plaintiff's Cause of Action states:

> The decision of the BCNR is arbitrary and capricious, unsupported by substantial evidence, and contrary to law because
>
> (a) it fails to explain how it was dealing with submissions made by GySgt Pettiford after the Marine Corps' final advisory opinion;
>
> (b) it fails to compare GySgt Pettiford's record with other Marines' service records that he submitted;
>
> (c) the administrative record does not confirm that the Marine Corps actually compared GySgt Pettiford's record with those of persons against whom he competed for promotion at each of the ERSBs that was supposed to have considered him for remedial promotion; and
>
> (d) the Marine Corps did not make the changes necessary to reflect the promotion boards the ERSB was supposed to replicate.

The first two allegations are directed at the BCNR. It is not the ERSB that allegedly failed

to consider plaintiff's post advisory opinion submissions or to compare plaintiff to other Marines' service records, it is the BCNR.  Likewise the BCNR can address the allegations made in paragraphs (c) and (d) and determine if remand to the ERSB is appropriate.

Granting the voluntary remand requested would not affect Plaintiff's eligibility for EAJA fees.  A plaintiff who has obtained a remand for further proceedings is generally not, at that point, a "prevailing party" for the purpose of collecting attorney's fees.  Only if the terms of a remand are such that a substantive victory will obviously follow or if a plaintiff ultimately succeeds on the merits of his underlying claim may he be awarded the attorney's fee incurred in obtaining the remand .  See <u>Sullivan v. Hudson</u>, 490 U.S. 877, 886 (1989); <u>Hanrahan v. Hampton</u>, 446 U.S. 754 (1980);  <u>Waterman Steamship Corp. v. Maritime Subsidy Bd.</u>, 901 F.2d 1119, 1122 (D.C. Cir. 1990); <u>National Coalition Against Misuse of Pesticides v. Thomas</u>, 264 U.S. App. D.C. 192, 828 F.2d 42, 44 (D.C. Cir. 1987); <u>Austin v. Department of Commerce</u>, 742 F2d 1417, 1420 (Fed Cir 1984).  The rationale for this rule is that "the award of [attorneys'] fees for corrective efforts that yield no real world benefit would reduce the normal deterrent to litigative nitpicking." <u>Waterman</u>, 901 F.2d at 1122.

In <u>Sullivan</u>, 490 U.S. 877 (1989), the Court held that a plaintiff's status as a prevailing party is "often completely dependent on the successful completion of the remand proceedings before [the agency]."  <u>Id</u>. at 887.  This is the case for plaintiff regardless of how the case gets remanded.  It is also true regardless of where the Court remands the case to.  Even if the Court were to bypass the BCNR and remand to the ERSB, plaintiff would still need to be selected for promotion by the remedial boards.  Therefore the terms of the remand would not be such that a substantive victory will obviously follow.

This Court is required to "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Miller v. Lehman, 801 F.2d at 497, citing Bowman Transportation, Inc. v. Arkansas-Best Motor Freight System, Inc., 419 U.S. 281, 286, (1974). Instead of relying on a decision of less than ideal clarity, the Secretary seeks to preserve judicial resources, withdraw the decision and remand to the BCNR for further proceedings. Contrary to plaintiff's assertion this action would not prejudice plaintiff. Defendant respectfully requests the court grant its Motion for Voluntary Remand.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895 / FAX 202-514-8780

OF COUNSEL:
Anthony C. Williams
Major, U. S. Marine Corps
Office of the Judge Advocate General
General Litigation Division
Department of the Navy
Washington Navy Yard, Washington, DC
Telephone: (202) 685 - 4596