UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICE B. PETTIFORD | ) | |
| | ) | |
| Plaintiff, | ) | Case No 05-2082 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| SECRETARY OF THE NAVY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO STRIKE**

Defendant respectfully opposes Plaintiff's Motion to Strike Exhibit 4 to Defendant's Motion to Dismiss or, in the alternative, Defendant's Motion for Summary Judgment.

The Government offered Exhibit 4 as extra-administrative record evidence for the limited purpose of providing explanatory and background factual history of the CY 1999 First Sergeant and Master Sergeant regular selection board. This background information does not provide a new rationalization for the Board of Corrections of Naval Records ("BCNR"), but instead provides context to Plaintiff's accusations and further explains the BCNR's decision. As such, it is admissible under controlling law and should remain part of this Court's record. Plaintiff correctly notes the general rule that a court's review of an agency decision under the Administrative Procedures Act ("APA") is typically limited to the administrative record. (Plaintiff's Mot. to Strike at 1.) However, limited exceptions to this general rule permit extra-administrative record evidence for the purpose of providing additional explanatory and background information. As the D.C. Circuit noted in AT&T Information Systems v. General

1

Services Administration, 810 F.2d 1233, 1236 (D.C. Cir. 1987), "although the record may be supplemented to provide, for example, background information or evidence of whether all relevant factors were examined by an agency . . . we have made clear that 'the new material should be merely explanatory of the original record and should contain no new rationalizations.'" Id. at 1236 (citing Bunker Hill Co. V. EPA, 572 F.2d 1286, 1292 (9th Cir. 1977)(internal citations omitted).  See also Defense Fund v. Costle, 657 F.2d 275, 285 (D.C. Cir. 1981 ("new materials should be merely explanatory of the original record and should contain no new rationalizations"); Esch v. Yeutter, 876 F.2d 976 (D.C. Cir 1989) (citing numerous other situations where a court may consider extra-record evidence).

Plaintiff's Complaint alleges that the BCNR's decision was arbitrary and capricious in sustaining the 1999 Enlisted Remedial Selection Board's ("ERSB") decision to not select Plaintiff for promotion because Plaintiff had a Performance Index ("PI") score of 8.95 and during the CY 1999 regular selection board "numerous Marines with PIs as low as 8.80 were selected." (Amend. Compl. at ¶45(a)(ii).)  Plaintiff goes on to allege that "it would be amazing if every one of the 199[1] Marines who was selected by the 1999 regular selection board with a PI between 8.80-9.00 ranked above [Plaintiff] (with a 8.95 PI), given anything approaching a normal distribution." (Amend Compl. ¶42(a).)  The BCNR directly rejected Plaintiff's assertion that his high PI score entitled him to promotion by stating "the PI was not used alone, but in conjunction with your Official Military Personnel File."  (Supp AR. 4.)

---

[1] The actual number of Marines selected for promotion at the CY 1999 regular promotion board was 179 out of 1002 for promotion to first sergeant, and 20 out of 62 for promotion to master sergeant, for a total of 199 promoted Marines with a PI in the range of 8.80-9.00. (Defense Ex. 4.)

Exhibit 4 is a declaration from Major Ryan W. Reilly, the Head of the United States Marine Corps' Enlisted Promotions Section discussing the statistics for the CY 1999 regular selection board. Major Reilly's declaration provides useful background information by highlighting that there were over a thousand applicants before the 1999 first sergeant promotion board with a PI score between 8.80-9.00, even though only 179 were selected for promotion. While not performing a mathematical regression as Plaintiff suggests, Major Reilly's declaration does clarify that it is possible, perhaps probable, that of the 179 Marines selected for promotion with a PI in the range of 8.80-9.00, many, if not all, had a PI score as high, or higher than Plaintiff. As important, the data in Major Reilly's declaration helps explain why PIs necessarily played a limited role in the promotion process, allowing this Court to better understand the BCNR's conclusion that "the PI is used in conjunction with [an] Official Military Personnel File." (Supp AR.4.)

In County of Los Angeles v. Shalala, 992 F. Supp 26, 35 (D.D.C. 1998) *rev'd on other grounds*, 192 F.3d 1005 (DC Cir. 1999), a plaintiff attempted to strike a defendant-agency's declaration as a post-hoc rationalization outside of the administrative record. This Court properly rejected that motion to strike because the declaration was offered "to clarify that the agency did in fact consider all relevant factors in making its decision" and was "merely explanatory of the original record" and "contain[ed] no new rationalizations." Id. at 35. Similarly, Exhibit 4 is offered by Defendant merely as background and explanatory evidence to assist this Court in understanding the Marine Corps' CY 1999 selection board process and selection rates. The CY 1999 regular and remedial selection boards require especially detailed attention as the process in effect for CY 1999, using the PI system, is complex, no longer in

3

effect, and less easily understood than the current selection process.

    The selection statistics for the CY 1999 regular selection board are not found in the administrative record as they were not an issue directly before the BCNR. However, Plaintiff's incomplete reference to the CY 1999 regular promotion board statistics in his Amended Complaint, and his assertion that the promotion statistics contradict normal mathematical distributions make the actual CY 1999 statistics useful to this Court in understanding the BCNR's decision.  Defendant offers Exhibit 4 for the limited purpose of placing Plaintiff's argument regarding the CY 1999 selection board statistics  into the proper context.  Defendant does not offer Exhibit 4 as a post-hoc rationalization of the BCNR's decision not to promote Plaintiff.  In fact, Plaintiff admits that Defendant does not seek to supplement the administrative record with Exhibit 4 or rely on Exhibit 4 in Defendant's Statement of Material Facts. (Plaintiff's Mot. to Strike at 1) (noting Defendant "has not claimed that there is any need to supplement the administrative record, and indeed, his Statement of Material Facts nowhere relies on Exhibit 4"). This is accurate and completely appropriate as facts material to Defendant's Motion are found only in the administrative record.  Exhibit 4 is an innocuous document that serves only to provide background and explanatory factual information to this Court regarding the CY 1999 selection board rate characterized in Plaintiff's Amended Complaint.

    For the aforementioned reasons, the Court should deny Plaintiff's Motion to Strike Defense Exhibit 4.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C.  Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
BRIAN C. BALDRATE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C.  20530
(202) 353-9895
*Attorneys for Defendants*

Of Counsel:
LCDR MARC S. BREWEN
Navy General Litigation Division
Washington Navy Yard, Washington, DC