UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE B. PETTIFORD,                          )
                                               )
              *Plaintiff*,                      )
                                               )
       v.                                      )              Civil No. 05-2082 (ESH)
                                               )
SECRETARY OF THE NAVY,                         )
                                               )
              *Defendant*.                      )              Judge Huvelle


PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO STRIKE

       The Secretary has belatedly sought to justify the submission of Exhibit 4 to his Motion to

Dismiss or, in the Alternative, for Summary Judgment on a suspiciously long list of grounds: it

merely provides "context to plaintiff's accusations," Opp. at 1, "further explains the BCNR's deci-

sion," *id*., "providing explanatory and background factual history of the CY 1999 First Sergeant and

Master Sergeant regular selection board," *id*., contains no new rationalizations, *id*. at 2, "provides

useful background information by highlighting that there were over a thousand applicants before the

1999 first sergeant promotion board with a PI score between 8.80-9.00, even though only 179 were

selected for promotion," *id*.,  "clarifying that it is possible, perhaps probable, that of the 179 Marines

selected for promotion with a PI in the range of 8.80-9.00, many, if not all, had a PI score as high, or

higher than Plaintiff," *id*., "help[ing] explain why PIs necessarily played a limited role in the promo-

tion process, allowing this Court to better understand the BCNR's conclusion that 'the PI is used in

conjunction with [an] Official Military Personnel File." *Id*.

       The Marine Corps' 5-page declaration, the Secretary insists, is offered "merely as back-

ground and explanatory evidence to assist this Court in understanding" the CY selection board

process and selection rates. *Id*. He claims that the regular and remedial selection board "require especially detailed attention as the process in effect for CY 1999, using the PI system, is complex, no longer in effect, and less easily understood than the current selection process." *Id*. at 3-4. He explains (at 4) that the selection statistics are not in the A.R. because "they were not an issue directly before the BCNR" and that GySgt Pettiford's Amended and Supplemental Complaint make the actual statistics "useful to this Court in understanding the BCNR's decision." Exhibit 4, the Secretary advises is offered "for the limited purpose of placing Plaintiff's argument regarding the CY 1999 selection board statistics into the proper context." It is, he says, "an innocuous document that serves only to provide background and explanatory factual information." *Id*.

The Court should reject this effort to defend the Secretary's exercise of self-help in filing Exhibit 4. His failure to move to supplement the record, rather than waiting to see if GySgt Pettiford would object to its sudden appearance, is a red flag. In any event, the Secretary's after-the-fact attempt to justify the Court's consideration of Exhibit 4 is without merit.

Exhibit 4 goes far beyond mere explanation or context. It adds many facts. By the Secretary's own admission, it is intended to rebut arguments GySgt Pettiford's Amended and Supplemental Complaint indicates he will pursue. That is not "background." He claims (at 4) that the CY 1999 statistics "were not an issue directly before the BCNR." But if, as must be the case (given his submission of Exhibit 4), the Secretary thinks they are relevant, why did the Marine Corps not submit them to the BCNR (or why did the BCNR not demand their submission)?

Perhaps most telling—the proverbial thirteenth stroke of the clock—is the Secretary's claim that additional explanation is necessary because the Marine Corps' remedial promotion system has changed, and the old one is harder to grasp than the current one. Nothing in Exhibit 4 remotely approaches the kind of technical information that should be at stake before exercising the extraordi-

nary prerogative of supplementing an agency record after a case has reached judicial review. The mere fact that the system changed over time adds nothing.

Permitting the Secretary to file Exhibit 4 makes a mockery of basic principles of orderly judicial review of agency action, would allow him to defend his subordinate's actions on an evidentiary basis they never considered, and would give him the practical benefit of another "voluntary" remand with none of the protections, such as review by a "board of civilians" through which his record-correction power must be exercised. 10 U.S.C. § 1552(a). Worse yet, it would make this Court a super-correction board by putting before *it* matter that was never considered by the BCNR. The time for the Marine Corps to have made its case was when this matter was before the BCNR.

Finally, the Secretary's effort (at 4) to side-step the problem by the simple expedient of making no reference to Exhibit 4 in his Statement of Material Facts is no answer. If anything in Exhibit 4 was material, it should have been in his Statement of Material Facts. It therefore can only be concluded that nothing in Exhibit 4 is material. That being so, no purpose is served by permitting it to be filed and effectively compelling GySgt Pettiford to respond to it.

For the foregoing reasons and those previously stated, the Motion to Strike should be granted. If, for any reason, the Court is not disposed to grant that motion, we request an early Status Conference in order to set a schedule for discovery with respect to Exhibit 4.

A proposed Order was submitted with the Motion to Strike.

Respectfully submitted,

/s/
EUGENE R. FIDELL (112003)
MATTHEW S. FREEDUS (475887)
FELDESMAN TUCKER LEIFER FIDELL LLP
2001 L Street, N.W., Second Floor
Washington, DC  20036

(202) 466-8960

*Attorneys for Plaintiff*

March 13, 2008