UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAURICE B. PETTIFORD,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2082 (ESH) |
| **SECRETARY OF THE NAVY,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion to strike Exhibit 4 to defendant's motion to dismiss or, in the alternative, for summary judgment, because the exhibit was not part of the administrative record. (Pl.'s Stmt. in Support of Mot. to Strike at 1.) Exhibit 4 is the declaration of Major Ryan W. Reilly, head of the Enlisted Promotions Section for the United States Marine Corps. It includes a summary of the selection rate statistics of the CY 1999 First Sergeant regular promotion board and the CY 1999 Master Sergeant regular selection board for plaintiff's military occupational specialty by Performance Index (PI) rating. The declaration also explains that the selection boards considered both the PI rating and the Official Military Performance File (OMPF) of each individual Marine candidate and details the contents of the OMPF.

Plaintiff is correct that when reviewing a final administrative action, the Court's review is generally limited to the administrative record. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Marinangelli v. Lehman*, 32 F.Supp.2d 1, 5 (D.D.C. 1998). "[S]upplementation of the administrative record is the exception, not the norm." *Nat'l Wilderness Inst. v. U.S. Army Corps of Engineers*, 2005 WL 691775, at *9 (D.D.C. March 23, 2005). However, "it may sometimes

be appropriate to resort to extra-record information to enable judicial review to become effective . . . ." *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). "Where this court 'needs more evidence to enable it to understand the issues clearly' . . . [it] has discretion to supplement an administrative record." *Beach Communications Inc. v. F.C.C.*, 959 F.2d 975, 987 (D.C. Cir. 1992) (quoting *Esch*, 876 F.2d at 987). These "new materials should be merely explanatory of the original record and should contain no new rationalizations" for the agency decision. *Envtl. Defense Fund v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981).

Plaintiff's complaint alleges that the Board of Corrections of Naval Record's (BSNR) decision to sustain the 1999 Enlisted Remedial Selection Board's non-promotion of plaintiff was arbitrary and capricious because plaintiff's PI score was 8.95 and numerous Marines with PIs as low as 8.80 were selected. (Amend. Compl. at ¶ 45 (a)(ii)). Plaintiff maintains that "it would be amazing if every one of the 199 Marines who was selected by the 1999 regular selection board with a PI between 8.80 and 9.00 ranked above" plaintiff. (Amend. Compl. ¶ 42(a)). The BCNR rejected this argument explaining that the PI is used in conjunction with the OMPF to select candidates for promotion.

After reviewing the challenged exhibit, the Court concludes that it provides context for the BCNR's decision by showing that there were over 1,000 applicants with scores between 8.80 and 9.00, of whom only 179 were selected, and by explaining to the Court the other factors in addition to the PI that are considered by the Selection Board as part of the OMPF. It does not add any new "rationalization" to support the BSNR's decision, but rather provides background information helpful in understanding the rationalization the BSNR gave. It is therefore an appropriate supplement to the administrative record and plaintiff's motion to strike [Dkt. 25] will

be **DENIED.**

    **SO ORDERED.**

                                              /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

DATE: March 17, 2008