UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAURICE B. PETTIFORD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-2082 (ESH) |
| SECRETARY OF THE NAVY, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This action seeking review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, arises out of the United States Marine Corps' decision not to remedially promote plaintiff Maurice B. Pettiford from Gunnery Sergeant (pay grade E-7) to Master Sergeant or First Sergeant (pay grade E-8). Most recently, on March 31, 2011, the Court set aside the May 18, 2010 decision of the Board for Correction of Naval Records ("2010 BCNR Decision") (AR 1078-79), and remanded the matter for further proceedings. *Pettiford v. Secretary of the Navy*, 774 F. Supp. 2d 173 (D.D.C. 2011). The 2010 BCNR Decision had denied plaintiff's application for relief from the May 8, 2008 decision by an Enlisted Remedial Selection Board ("ERSB")), which in turn had denied plaintiff's request for remedial promotion as of calendar year 1999 ("2008 ERSB Decision"). (AR 1052-1061.) Following the remand, a new BCNR panel was convened and, on October 26, 2011, plaintiff's application for relief from the 2008 ERSB Decision was again denied ("2011 BCNR Decision"). (AR 1121-1138.) Plaintiff now challenges the 2011 BCNR Decision as "contrary to law." (Fifth Amended & Supplemental Compl., Dec. 15, 2011 [Dkt. No. 90].) Based on the administrative record, both parties have

moved for summary judgment.  For the reasons stated herein, defendant's motion is granted.

## BACKGROUND

For the most part, the relevant facts, procedural history and governing rules and regulations are fully set forth in the March 31, 2011 Memorandum Opinion and need not be repeated here. *See Pettiford*, 774 F. Supp. at 175-181.  In that decision, the Court set aside the 2010 BCNR Decision and remanded for further proceedings on the ground that the decision (and the advisory opinion upon which it relied) failed to adequately address plaintiff's non-frivolous arguments, and thus meaningful review was not possible. *Id.* at 185-86.  Specifically, the Court found that the BCNR "fail[ed] to address . . . [the] argument that to allow the Remedial Selection Board to see plaintiff's OMPF [Official Military Personnel File] but no others was inconsistent with MCO [Marine Corps Order] 5420.16C's instruction that the primary consideration of the Remedial Selection Board should be the comparison of the referred Marine to the Marines who were selected for promotion by a regularly scheduled [s]election [b]oard"; "fail[ed] to indicate that there is any legal impediment to allowing the Remedial Selection Board to see other Marines' OMPFs"; and did not "explain how with only PI [Performance Index] rating[s] as a basis for comparison, the Remedial Selection Board could have concluded, as the Advisory Opinion states, that [plaintiff] 'was simply not as competitive as those [Marines] selected [by the 1999 regular selection board].' (AR 1090.)" *Id.* at 185.

On July 28, 2011, in response to a joint motion by the parties, the Court ordered that a new analyst and a new three-member BCNR panel be assigned to consider plaintiff's application for relief from the 2008 ERSB Decision. (Order, July 28, 2011 [Dkt. No. 80].) On August 25, 2011, the new panel requested another advisory opinion "out of an abundance of caution and to

ensure a comprehensive and thorough review of the [plaintiff's] request." (AR 1140.) As part of that request, the panel sought answers to a number of specific questions and requested a complete copy of MCO 1400.32B (the "1996 Promotion Manual"), which was in effect at the time of the 1999 regular selection board. (AR 1139-44.)

In response, the panel received two advisory opinions, one from W.A. Hicks in the Manpower and Reserve Affairs Department (AR 1145-48), and one from William G. Swarens, Head of the Manpower Management Support Branch. (AR 1149-50.) The pertinent questions and answers are set forth in their entirety:

> Question: When the 8 May 2008 ERSB considered [plaintiff] (for possible remedial promotion from the 1999 E-8 selection board), the members of the ERSB were advised as follows: "For CY 1999 and earlier selection boards, the record may be compared with the record of those Marines . . . who were recommended for promotion using the performance index." Was it the regular practice of ERSBs[] to use the performance index for comparison purposes when considering Marines for remedial selection from CY 1999 (and earlier) regular selection boards?
>
> Answer: Yes. It was the regular practice of ERSBs[] to use the performance index for comparison purposes when considering Marines for remedial selection from CY 1999 (and earlier) regular selection boards. In fact, to do otherwise would have been a breach of Marine Corps policy. The Marine Corps did not change SNCO [Staff Noncommissioned Officer] Remedial Board policy to start using OMPFs for comparison, until 2000.
>
> Question: At the 8 May 2008 ERSB, [plaintiff's] PI was compared with the PIs of other Marines considered by the CY 1999 regular selection board. The ERSB did not compare [plaintiff's] OMPF with the OMPFs of Marines considered by the 1999 E8 regular selection board. Why was this practice used?
>
> Answer: This practice was used because Marine Corps remedial board policy for CY 1999 and earlier selection boards utilized the performance index of those Marines of the same competitive category who were selected for promotion by the regularly

3

|           | scheduled board for comparison. . . . |
|-----------|---|
| Question: | Was this practice the same or different from other Marines who were considered in the past by an ERSB for promotion to E8 from CY 1999 (and earlier) regular selection boards. |
| Answer:   | This is the same practice for other Marines who were considered in the past by an ERSB for promotion to E8 from CY 1999 (and earlier) regular selection boards. |
| Question: | In the past, when considering Marines for remedial selection to E8 from CY 1999 (and earlier) regular selection boards, has it ever been the practice of the ERSB to compare the OMPF of the Marine being considered for remedial selection with the OMPF of Marines considered by the regular selection board? Please explain. |
| Answer:   | No. To do so would be contrary to the Marine Corps policy in place at the time. Additionally, procedures and policy to use OMPFs for comparison were not established until CY 2000. In CY 2000, each regular SNCO Board began selecting comparison cases from each competitive category to be used for comparison by future SNCO Remedial Boards. The Marine Corps did not identify or maintain OMPFs for future use as comparison cases from the CY 1999 (and earlier) regular selection boards as the policy was to use [the] performance index for comparison. |
| Question: | MCO 5420.16C states that the primary consideration for the ERSB will be the comparison of the record of the Marine granted remedial consideration to the records of those Marines selected by the regularly scheduled selection board. When a Marine being considered by an ERSB (for CY 1999 regular selection board and earlier) has a PI that appears competitive with other Marines selected by the regular board, and the only comparison used was the PI, ([versus] comparing OMPFs), is it possible for that Marine to be "passed over" (i.e. not recommended) by the ERSB? If so, please explain how. |
| Answer:   | Yes. The PI is only one element used when a Marine was considered for promotion by a regular or remedial board for CY 1999 and prior [years]. . . . The Marine's record is viewed in its entirety; though a Marine may be basically qualified for selection, the ERSB members take the entire record into account and also determine if the Marine's record indicates he is fully capable of assuming the duties of the next higher grade. Selection to a senior |

> SNCO grade, such as MSgt [Master Sergeant] or 1stSgt [First
> Sergeant], incurs significantly higher levels of responsibility and
> the associated billets have demands not encountered in SSgt [Staff
> Sergeant] and GySgt [Gunnery Sergeant] billets.  Additionally,
> MSgt and 1stSgt billets place the individual into a different realm
> of leadership and technical skills, and the PI doesn't equate
> leadership skills or technical proficiency.

(AR 1145-48.)

On September 23, 2011, the BCNR forwarded both opinions to plaintiff's counsel for his review and response.  (AR 1151-52.)  Plaintiff's response, submitted on September 25, 2011, made a number of points, including two legal arguments (AR 1153-60):  (1) that the 2008 ERSB Precept permitted but did not require the ERSB to use the PI method of comparison (AR 1153); and (2) that MCO 5420.16C, "the MCO that governs remedial promotions," "mandate[s]" "comparative consideration" and, therefore, it violated MCO 5420.16 for the ERSB to "run a PI comparison and then superimpose a non-comparative review of a single OMPF: that of the Marine under consideration."  (AR 1153-54.)

On October 26, 2011, the BCNR issued its decision, again denying plaintiff's request for relief from the 2008 ERSB Decision.  In stark contrast to the 2010 decision, the 2011 BCNR Decision is seventeen single-spaced pages.  It begins by identifying the regulations and procedures that the BCNR considered important to its review of plaintiff's case.  (AR 1123-26.) These fell into two categories: (1) the regulations and procedures that governed the 1999 regular selection board; and (2) the regulations and procedures that governed the 2008 ERSB.  The first category included (a) the "precept" promulgated for the 1999 regular selection board  ("1999 Precept") (AR 1066-70); (b) the "supplemental guidance" furnished to the 1999 regular selection board ("1999 Supplemental Guidance") (AR 1071-76); and (c) the 1996 Promotion Manual,

5

MCO 1400.32B, which the 1999 Supplemental Guidance identified as relevant authority. The second category included (a) MCO 5420.16C (AR 341-47); and (b) the precept promulgated for the 2008 ERSB ("2008 Precept"). (AR 1062-64.)

Next, the decision sets forth each argument plaintiff made to support his application for relief and explains the BCNR's basis for rejecting those arguments. Specifically, the BCNR rejected the following arguments: (1) that once the ERSB "elected to use the PI [Performance Index] method of comparison, it erred by considering plaintiff's Official Military Personnel File ("OMPF") rather than limiting its consideration to how plaintiff's PI compared to the PIs for those promoted by the regular selection board"; (2) that, in the alternative, once the ERSB considered plaintiff's OMPF, it was required to compare it to the OMPFs of other Marines who were considered by the regular selection board; (3) that the adverse material in plaintiff's OMPF was "too stale" to provide a basis for denying relief; and (4) his application for relief was supported by a significant number of letters from Marine officers. The BCNR further noted that:

> It was the regular practice of ERSB's to use the PI for comparison purposes when considering Marines for remedial selection from CY 1999 and earlier. It was also regular practice of such remedial boards to review the OMPF of the Marine under consideration. But it was not the practice of such remedial selection boards to compare the OMPF of the Marine under consideration with the OMPFs of other Marines. The procedures used at [plaintiff's] ERSB were no different from those used for other Marines who were considered for remedial selection from CY 1999 and earlier. The [BCNR] understood that, with some moderate effort, comparison OMPFs could be extracted for comparison with [plaintiff's] OMPF. However, establishing a new and special process of review for [plaintiff] alone was unwarranted especially in light of the determination made above that such comparative OMPFs were not needed for the ERSB to have reasonably concluded that you were not 'fully qualified' by reviewing your OMPF.

(AR 1137-38.) Accordingly, the BCNR concluded that "the evidence submitted was insufficient to establish the existence of probable material error or injustice" and denied plaintiff's

application for relief. (AR 1127-28.)

Plaintiff's Fifth Amended and Supplemental Complaint asks the Court to set aside the 2011 BCNR Decision and the underlying 2008 ERSB Decision as "contrary to law."[4]

## STANDARD OF REVIEW

A final decision of the BCNR is subject to judicial review under the APA, 5 U.S.C. § 706. *See Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997); *Piersall v. Winter*, 435 F.3d 319, 321 (D.C. Cir. 2006) (courts review "decisions of boards for correction of military records 'in light of familiar principles of administrative law'" (quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989))). Under the APA, a reviewing court must defer to an agency's decision unless it "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see Frizelle*, 111 F.3d at 176.

An agency is bound by its own regulations, *see Service v. Dulles*, 354 U.S. 363 (1957); *Mead Data Ctr., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1977), but an agency's interpretation of its own regulations "commands substantial judicial deference" and "becomes of controlling weight unless plainly erroneous or inconsistent with the regulations being interpreted." *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945); *see also Auer v. Robbins*, 519 U.S. 452, 461, 462 (1997) (court will defer to an agency's interpretation, even in a legal brief, unless the interpretation is "plainly erroneous or inconsistent with the

---

[4]Plaintiff also seeks an order directing the ERSB to retroactively promote him. (Fifth Compl. at 13.) However, as plaintiff acknowledges, he is merely reasserting this claim to ensure that it is preserved for appeal as the Court has already concluded that this claim is nonjusticiable. *Pettiford*, 774 F. Supp. 2d at 182-83 (citing *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989) ("a request for retroactive promotion falls squarely within the realm of nonjusticiable military personnel decisions")).

regulation[s]" or there is any other "reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question").

## ANALYSIS

This time around plaintiff does not argue that the BCNR failed to provide a reasoned explanation for its decision. Rather, it argues that the 2011 BCNR Decision (and the underlying 2008 ERSB Decision) are "contrary to law" because the ERSB, under the governing rules and regulations, had a "duty to make its recommendations on a comparative basis in all respects." (Pl.'s Mem. at 15.) To fulfill this duty, plaintiff argues, either "the ERSB was required to compare OMPFs" or, "[t]o the extent the ERSB precept permitted use of the PI as a surrogate for comparing OMPFs," once the ERSB "elected to employ" the "optional PI method of comparison," it could not then engage in a non-comparative examination of only plaintiff's OMPF. (*Id.* at 15, 21.) In response, defendant takes the position that

> Marine Corps personnel policy for the CY 1999 ERSB required two things. First, it required a comparison of records between the reconsidered Marine and Marines from the regularly scheduled selection board. The regulations required that comparison be made using PI scores. Secondly, if the ERSB felt that [p]laintiff's score was competitive after this comparison of records, the ERSB was to appropriately consider the Marine's OMPF in order to make a final determination regarding whether the Marine was "fully qualified" for promotion to the next higher grade.

(Def.'s Mem. at 9.) The parties thus disagree on two critical matters of interpretation: (1) whether the ERSB was required to compare OMPFs; and (2) if not, and if the ERSB relied solely on the PI method of comparison, was the ERSB precluded from looking at plaintiff's OMPF? However, given the Court's limited role, the question is not how the Court would interpret the governing rules and regulations but rather whether the BCNR's interpretation is "plainly erroneous" and, thus, "contrary to law" under the APA.

I.     **FAILURE TO COMPARE OMPFs WAS NOT CONTRARY TO LAW**

Plaintiff's argument that the ERSB was "required" to compare OMPFs relies on section 3601.2 of the 2006 Promotion Manual (MCO 1400.32D) (*see* Pl.'s Mem., Ex. B), which has never before been cited by either party.  Section 3601.2[5] provides:

> The CMC [Commandant of the Marine Corps] stipulates that the same criteria and selection procedures that regularly scheduled selection boards are instructed to follow are followed by the ERSB in their deliberations.  However, where regularly scheduled selection boards are tasked with selecting the 'best and fully qualified' Marines; remedial boards are tasked with selecting 'fully qualified' Marines, as allocation restrictions are not applicable.  *The ERSB will utilize a sampling of records of Marines in each competitive category who were recommended for promotion, and records of Marines in each competitive category who were not recommended for promotion. The sampling of records provides a relative base from which the ERSB can determine which Marines eligible for remedial consideration are fully qualified for promotion by comparing their records to both those selected by the regularly scheduled selection board and those not selected by the regularly scheduled select[i]on board.*  The ERSB is guided by the ERSB precept and the precepts used during the regularly convened selection board for which remedial consideration has been granted.

(*Id.* (emphasis added).)  Focusing on the language highlighted above, plaintiff argues that section 3601.2 requires that an ERSB compare OMPFs and that to the extent section 3601.2 is inconsistent with other applicable rules and regulations (*e.g.* the 1999 Precept, the 1999 Supplemental Guidance, the 1996 Promotion Manual, MCO 5416.20, and the 2008 Precept), it is controlling.[5]  Whether the Court agrees with plaintiff's proffered interpretation is immaterial.

---

[5]Section 3601.2 is entitled "Enlisted Remedial Selection Board."  It appears in Chapter 3 ("Staff Noncommissioned Officer Promotions"), section 6 ("Remedial Consideration for Promotion") of the 2006 Promotion Manual.

[5]Plaintiff's argument that the BCNR reached its conclusion that no OMPF comparison was required by applying the "wrong version" of the Promotion Manual (*i.e.*, MCO 1400.32B, the 1996 Promotion Manual, instead of MCO 1400.32D, the 2006 Promotion Manual) is not supported by the record.  The BNCR's decision does cite to MCO 1400.32B, but only for the

9

The question is whether the BCNR's interpretation is "plainly erroneous," and the Court concludes that it is not.

First, plaintiff cites no legal authority for its conclusion that section 3601.2 in the 2006 Promotion Manual trumps all of the other applicable rules and regulations. Second, in addition to the language plaintiff relies on, section 3601.2 also states that the ERSB shall be "guided by the ERSB precept and the precepts used during the regularly convened selection board for which remedial consideration has been granted," and thus it undermines plaintiff's claim that it trumps the 1999 and 2008 Precepts. Third, the 1999 Precept expressly states that it takes precedence over the 1996 Promotion Manual; the 2008 Precept expressly states that the 1999 Precept controls the ERSB, except as stated therein; and none of the exceptions in the 2008 Precept affects the hierarchy of Precept over Promotion Manual established by the 1999 Precept. Finally, for the 1999 regular selection board, which the ERSB is aiming to replicate, the PI was the method of comparison used. Accordingly, the Court concludes that plaintiff has not shown that the ERSB's failure to compare OMPFs resulted in an agency decision that was "contrary to law."[6]

## II.   USE OF PLAINTIFF'S OMPF WAS NOT CONTRARY TO LAW

Plaintiff's alternative argument is that once the ERSB decided to use the PI method of

---

purpose of establishing the standards for promotion to Master Sergeant or First Sergeant as of the time of the 1999 regular selection board. (*See* AR 1130, 34-35.) Plaintiff himself concedes that this use is appropriate. (Pl.'s Mem. at 16 (BCNR properly referred to MCO 1400.32B "for the purpose of determining the ground rules that remained applicable to the 1999[] regular selection board[], which the ERSB was to reconsider").)

[6]Having reached this conclusion, the Court will not consider the other grounds that defendant argues support its position.

comparison, it was precluded from looking at plaintiff's OMPF because all of the applicable rules required "comparative" decision-making. The BCNR expressly rejected this argument, deciding that "in addition to comparing [plaintiff] to other Marines, the remedial selection board was required to evaluate your ability and potential to perform at the next higher grade." (AR 1129.) As explained by the BCNR, although MCO 5420.16C states that a comparison of records is to be the "primary consideration," it cannot be the "sole consideration" because "there are a number of other important considerations that, under the governing instructions, the remedial selection board must take into account before recommending a Marine for promotion." (AR 1129.) The BCNR explained its reasoning as follows:

> it was not error for the remedial selection board to determine that they needed more information about [plaintiff's] performance history than [plaintiff's] PI and the PIs of other Marines selected by the 1999 Regular E8/E9 Board provides before determining whether [plaintiff] had the ability and potential to perform at the next higher grade. Reviewing [plaintiff's] OMPF is a logical step for them to take to assess whether [plaintiff] had the requisite attributes required to perform at the next higher grade. [Plaintiff's] OMPF contains important information about how [plaintiff] performed [his] duties, which was the overriding factor in making this determination. Moreover, in the Board's view, the precept for the 8 May 2008 ERSB clearly expected the ERSB members to consider [plaintiff's] OMPF. The precept stated that "The remedial selection board shall consider the official military personnel records of the Marines as their records should have appeared before the regularly scheduled selection board." The very fact that an ERSB was even convened to review [plaintiff's] record supports the [ERSB's] position. If, as [plaintiff] urge[s], the only action that the ERSB should have taken was to compare [plaintiff's] PI to the PIs of other Marines selected by the 1999 Regular E8/E9 Board, why even convene a board? A numerical comparison, such as [plaintiff] urge[s], could be easily accomplished without the need for a remedial selection board. The answer seems obvious. A board was required to fully assess whether [plaintiff] possessed the high degree of leadership and other attributes required to perform the duties at the grade of E8, review of [plaintiff's] OMPF by the board was logical, necessary, and expected

(AR 1130.)

Not only is the BCNR's interpretation not "plainly erroneous," it is persuasive. For

example, as noted in the BCNR's decision, the 1999 Precept "required that, before being recommended, 'Each Marine's qualifications and performance of duty must clearly demonstrate that the Marine will be capable of performing the duties normally associated with the next higher grade.'" (AR 1129 (quoting 1999 Precept)).  In addition, the 1999 Supplemental Guidance "directed the selection board to 'evaluate each SNCO's potential to assume the responsibilities of the next higher grade, the overriding factor being performance of assigned duties.'"  (AR 1129 (quoting 1999 Supplemental Guidance).)  Similarly, the 2008 Precept "required that Marines [] be capable of assuming the duties of the next higher grade'" and "required the members to 'evaluate each Marine's potential to assume responsibilities of the next higher grade, the overriding factor being performance of assigned duties, all of which are important.'"  (AR 1129 (quoting 2008 Precept).)

As of 1999, the BCNR noted, a candidate for First Sergeant had to show an "'exceptionally high degree of professional competence in troop leadership and the ability to act independently as the principal enlisted assistant to the commander.'"[7] (AR 1130 (quoting MCO 1400.32B (AR 1226)).)  A candidate for Master Sergeant had to show "'outstanding proficiency in the assigned [Occupational Field] combined with an exceptionally high degree of leadership and supervisory ability and the ability to act independently as enlisted assistant to the commander.'" (*Id.*)  Given these standards, it clearly would have been impossible for the ERSB to assess whether plaintiff possessed the attributes required for promotion to either First or Master Sergeant without looking at his OMPF.  Yet, the ERSB was also required to compare

---

[7]At the time of the 1999 regular selection board, MCO 1400.32B (the 1996 Promotion Manual) was in effect so the BCNR properly looked to it for a description of the substantive standard plaintiff had to meet for promotion to Master or First Sergeant. (AR 1130.)

records and the 2008 Precept either authorized or required it to do so by using the performance index.  (AR 1063 ("For CY 1999 and earlier selection boards, the record may be compared with the records of those Marines of the same competitive category who were recommended for promotion, using the performance index.").)  Accordingly, the Court concludes that plaintiff has not shown that the ERSB's use of performance index ratings for comparative purposes in conjunction with a review of plaintiff's OMPF resulted in an agency decision that was "contrary to law."

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment will be granted.


           /s/
ELLEN SEGAL HUVELLE
United States District Judge


DATE: May 3, 2012